# EXHIBIT A

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
3801 UNIVERSITY AVENUE, SUITE 700
RIVERSIDE, CALIFORNIA 92501
951-276-6346

<table>
<tr><td><strong>CUAUHTEMOC ORTEGA</strong><br><em>Federal Public Defender</em></td><td><strong>KELLEY MUNOZ</strong><br><em>Santa Ana Branch Chief</em></td></tr>
<tr><td><strong>AMY M. KARLIN</strong><br><em>Chief Deputy</em></td><td><strong>YOUNG J. KIM</strong><br><em>Riverside Branch Chief</em></td></tr>
<tr><td><strong>C. PAMELA GÓMEZ</strong><br><em>Capital Habeas Chief</em></td><td><strong>MARGARET A. FARRAND</strong><br><em>Appeals Chief</em></td></tr>
<tr><td><strong>LISA LABARRE</strong><br><em>Los Angeles Trial Chief</em></td><td><strong>JONATHAN C. AMINOFF</strong><br><em>Non-Capital Habeas Chief</em></td></tr>
<tr><td></td><td><strong>NEHA CHRISTERNA</strong><br><em>Collaborative Courts Chief</em></td></tr>
</table>

November 5, 2025

**<u>Via E-mail</u>**
Patrick Kibbe
Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Patrick.Kibbe@usdoj.gov

> Re:    <u>U.S. v. Carlos Jiminez</u>, 5:25-MJ-00674-DUTY
>         REQUEST FOR DISCOVERY

Dear Mr. Kibbe:

Please consider this letter to be a formal request for discovery pursuant to all court rules, codes, statutes, and case law, including Federal Rules of Criminal Procedure 12, 16, and 26, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act (18 U.S.C. § 3500). In particular, I am requesting all discoverable information within the possession, custody, or control of the government, and which is known to the government or by the exercise of due diligence may become known to the government. I am also requesting that you inquire of each government agent connected to the case for the requested materials. If you have doubts as to the propriety of disclosure, the prosecution can submit the materials to the Court for its review.

Please consider this request to be a continuing one. *See* Fed.R.Crim.P.16(C). Also, so that the defense may have an adequate opportunity for investigation and preparation, the defense requests that the discovery requested below be provided at the earliest feasible opportunity. My specific requests are as follows:

Patrick Kibbe, AUSA
November 5, 2025
pg. 2

I.    Discovery Pertaining to Statements Made by Mr. Jiminez (Fed.R.Crim.P.16(a)(1)(A) & (B)):

   A.    All oral, written, and recorded statements made by Mr. Jiminez to government agents and/or confidential informants. This request includes any written waivers signed by Mr. Jiminez of his *Miranda* rights and/or any responses to *Miranda* warnings that were given by the defendant. This request also includes, but is not limited to, (1) any testimony of the defendant before a grand jury; (2) all law enforcement agency reports; (3) all notes of law enforcement officers, whether or not used to prepare reports; and (4) the substance of any other relevant oral statement made by Mr. Jiminez in response to interrogation by a person he knew to be a government agent if the government intends to use that statement at trial. With respect to the latter subcategory, I specifically request that you confirm with the author whether the report of the oral statement is complete and, if it is not complete, prepare a new report.

   B.    All statements made by Mr. Jiminez to any other individual or in any other proceeding that is connected in any way to the present charges (i.e., depositions, interrogatories, requests for admissions, or other discovery).

II.    Discovery Pertaining to the Criminal History of Mr. Jiminez (Fed.R.Crim.P.16(a)(1)(D):

   A.    A complete copy of Mr. Jiminez's criminal history, including both state and federal "rap sheets" or arrest records.

III.    Discovery Pertaining to Documents and Tangible Objects (Fed.R.Crim.P.16(1)(1)(E)):

   A.    All documents, paper, data, computer records, photographs, video recordings, and audio tapes pertaining to any aspect of this case, including statements by Mr. Jiminez. In particular, I specifically request all such items that are material to preparing the defense and/or that the government intends to *use* at trial (even if such evidence will not be introduced into evidence).

   B.    All reports by state and federal officers regarding the case, including all notes relied upon by the state and federal officers in the preparation of their reports. This discovery obligation extends to investigative files of other government agencies material to the defense even if the prosecution does not intend to use such evidence at trial. *United States v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir. 1982).

Patrick Kibbe, AUSA
November 5, 2025
pg. 3

C.      All physical evidence pertaining to this case. I also request an opportunity to inspect, copy, and/or test all tangible objects and buildings or places which the government intends to use in its case-in-chief at trial and/or which are material to preparation of Mr. Jiminez's defense.

D.      Any items seized from Mr. Jiminez or from his residence(s) or office(s).

IV.   Discovery Pertaining to Examinations and Tests (Fed.R.Crim.P.16(a)(1)(F)):

A.      The results and the supporting records of all tests and examinations conducted upon the evidence, including but not limited to any fingerprint tests or analysis.

V.    Discovery Pertaining to Expert Witnesses (Fed.R.Crim.P.16 (a)(1)(G)):

A.      The defense requests that the government provide notice of any witness it intends to proffer as an expert to give opinion testimony pursuant to its duty under Federal Rule of Criminal Procedure 16(a)(1)(G). In the notice, please include a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, the bases and reasons for them, the witness's qualifications, including a list of all publications authored in the previous ten years, and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition.  Please have the witness approve and sign the disclosure consistent with Rule 16(a)(1)(G).

B.      If expert witnesses are to testify, the defendant requests the disclosure of a summary of the expert's testimony, the basis for the expert conclusion, and the expert's qualifications. *See United States v. Barrett*, 703 F.2d 1076 (9th Cir. 1983).

VI.   Discovery Pertaining to Trial and Non-Trial Witnesses:

These discovery requests pertain to witnesses connected with this case, whether or not they will be called at trial.

A.      The names and addresses of all witnesses that the government intends to call at trial. *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973). Separately, I request (1) the names and addresses of those witnesses the government does not intend to call at trial, *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984); (2) the true names and addresses of any confidential informants and/or cooperating witnesses, *United States v. Ordonez*, 737 F.2d 793, 808-09 (9th Cir. 1984); and (3) the names and addresses of all witnesses who have made arguably favorable statements concerning the defendant, see, e.g. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

Patrick Kibbe, AUSA
November 5, 2025
pg. 4

B.      In order to avoid recesses and continuances during trial, I request early disclosure of any *Jenks* material. This request includes all statements of all witnesses the government intends to call in its case-in-chief, as well as all other materials discoverable under the Jencks Act for impeachment. Please include, *inter alia,* all notes, written and oral statements, and preliminary hearing and grand jury transcripts. 18 U.S.C. § 3500(e); Fed. R. Crim. P. 26.2; *United States v. Ogbuehi,* 18 F.3d. 807, 810-11 (9th Cir. 1994); *United Staes v. Boshell,* 952 F.2d 1101, 104 (9th Cirl 1991).

C.      All information which can be used to impeach any witnesses, such as information that shows lack of truthfulness, bias, or motive to lie. This information includes prior arrests, convictions, criminal investigations, formal and informal complaints bearing on truthfulness, false statements to any authority, and inconsistent statements. This request also encompasses evidence, such as medical or psychiatric report or evidence of past alcohol or narcotic use, which may demonstrate impairment of a witness' ability to perceive, remember, communicate, or tell the truth. *See, e.g., United States v Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

D.      Any express or implicit promise, understanding, agreement, benefit, offer of immunity, or compensation between a witness and the government. *Giglio*, 405 U.S. at 154-55.

E.      Any discussion or advice concerning any contemplated prosecution of any prospective government witness, or any possible plea bargain, even if no bargain was actually made, or the advice not followed. *See, e.g., Greene v. Wainwright*, 634 F.2d 272, 276 (5th Cir. 1981).

F.      Any exculpatory witness statement, including negative exculpatory statements, i.e., statements by informed witnesses that fail to mention the defendant.

G.      Personnel files of all government agents and employees whom the government intends to rely on for testimony at a hearing or a trial. *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); see also Fed. R. Evid. 608(b). This request specifically covers any *Henthorn* material in the agents or employees' prior employment, if any. Further, I request that you personally review all such personnel files for discoverable *Brady* materials. *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984).

VII.    <u>Government's Notice of Intent to Introduce any Evidence Pursuant to Federal Rules of Evidence 404(b) and 609:</u>

I am requesting notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b)

Patrick Kibbe, AUSA
November 5, 2025
pg. 5

and 609. It is my position that reasonable notice means no later than the deadline for filing motions in this case. *See* Fed.R.Crim.P.12(b)(4)(B). Also, please specify the theory of introduction of such evidence so that the defense may evaluate the filing of a motion *in limine*.

VIII.   Government's Notice of Intention to Use Evidence (Fed.R.Crim.P.12(d)(2)):

A.  In order to afford an opportunity to move to suppress evidence, the defense hereby requests timely notice of the government's intention to use (in its evidence-in-chief at trial) any evidence which the defendant may be entitled to discover under Rule 16.

IX.   Request for Preservation of Evidence:

A.   The defendant specifically requests preservation of all relevant videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of possession, custody, or care of the government. Furthermore, if there are any handwritten notes by agents, I request that you inform the agents to preserve such notes until a judicial determination can be made regarding their discovery. *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).

X.   Defendant's Notice of Defenses:

Some Assistant United States Attorneys request notice of defenses beyond that required by the Federal Rules of Criminal Procedure. Please note that I will not provide notice of any defense beyond that required by Rules 12.1, 12.2 and 12.3 of the Federal Rules of Criminal Procedure. If such a request is included in any memorandum that you send me, you should not assume by my silence that we are limiting our defenses.

XI.   Electronic Database Evidence:

Please provide any evidence held by any federal agency that involves this defendant that is held electronically, such as the DEA DICE database. In addition:

A.  Please send me all data and documents regarding Treasury Enforcement Customs System reports or information, or TECS reports or information, relating to the defendant.

B.  Please send me all data and documents regarding Drug Enforcement Administration Special Operations Division ("DEA SOD") reports or information relating to the defendant.

C.  Please send me all defendant related data and documents regarding parallel construction or recreation of the investigation in order to omit reference to DEA SOD or any other federal electronic database.

Patrick Kibbe, AUSA
November 5, 2025
pg. 6

XII.    Discovery Mandated by California Ethical Rules:

Please provide all discovery required pursuant to Rule 5-110 of the California State Bar Rules of Professional Conduct (as amended 11/2/17). Please note that the Rule requires that the prosecutor's duty of discovery is "not limited to evidence or information that is material as defined by *Brady v. Maryland*, (1963), 373 U.S. 83 [83 S.Ct. 1194] and its progeny." State Bar rules are binding on federal prosecutors. *See* 28 U.S.C. § 530B ("[a]n attorney for the Government shall be subject to State laws and rules . . . governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that state"); *United States v. Lopez-Avila*, 678 F.3d 955, 964 (9th Cir. 2012) ("Section 530B requires federal attorneys to behave within a state's rules for attorney conduct.").

XIII.   Additional Specific Discovery Requests

1. The full names and current contact information of all occupants of the Honda involved in the incident. If any of the occupants were taken into federal custody or immigration custody, please identify the facility where each individual is currently housed.
2. The current location of the Honda and the Lexus, confirmation of custody or storage, and a formal demand that both vehicles be preserved in their present condition for inspection.
3. The full names, badge numbers, and current duty assignments of all Immigration and Customs Enforcement and Removal Operations personnel and all Customs and Border Protection personnel involved in the incident.
4. The full names, badge numbers, and current duty assignments of all Federal Bureau of Investigation agents, as well as any state, local, county, or federal officers or agents who interviewed Mr. Jiminez and his fiancée at the hospital.
5. All body-worn camera recordings, vehicle-mounted camera recordings, dashboard camera footage, still photographs, video recordings, and any other visual or audio documentation depicting the incident, resulting property damage, interactions with witnesses, or any subsequent interviews.
6. All written, recorded, or otherwise memorialized statements of any witnesses.
7. All audio or video recorded interviews conducted in connection with this incident.
8. All written, recorded, or otherwise memorialized statements concerning any conversations that occurred at the scene or at the hospital regarding Mr. Carlos Jiminez.
9. All interagency emails, correspondence, communications, reports, or memoranda relating to Mr. Carlos Jiminez or the incident regarding Mr. Carlos Jiminez.

Patrick Kibbe, AUSA
November 5, 2025
pg. 7

I request that you (a) immediately make a specific inquiry of (1) each of the various agents involved in this matter, including, but not limited to I.N.S. agents, and (2) the EOIR, with respect to each alleged deportation, and make them aware of these discovery obligations; and (b) ensure that all agents' notes, evidence and all other discovery materials are preserved and produced promptly. *U.S. v. Jackson*, 780 F.2d 1305 (6th Cir. 1986); *U.S. v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978).

As you are aware, the preceding discovery materials are essential for me to evaluate and prepare appropriate dispositive motions regarding the prior alleged deportations, pursuant to, inter alia, *U.S. v. Mendoza-Lopez*, 481 U.S. 828 (1987), and *U.S. v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (en banc). Accordingly, I am requesting the production of these materials at the earliest possible time.

Please provide all discovery by the date of the post-indictment arraignment (PIA), or within 30 days if PIA does not apply, so that defense will have time to file a discovery motion in advance of trial. Please let me know at your earliest convenience whether the Government will comply with, or object to, these discovery requests, or whether the Government will seek a continuance in order to comply with its discovery obligations.

Thank you in advance for your professional courtesy and cooperation.

Sincerely,

AYAH A. SARSOUR
Deputy Federal Public Defender