Docusign Envelope ID: CB0425E2-61FA-85C8-830F-E2C77E6503B7

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney and
Chief, Criminal Division
STEPHEN CHANG (Cal. Bar No. 312580)
Assistant United States Attorney
Riverside Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone:   (213)894-7280
     E-mail:   stephen.chang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:25-cr-00366-KK |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CARLOS JIMENEZ, | |
| Defendant. | **CURRENT TRIAL DATE:**   June 22, 2026 **PROPOSED TRIAL DATE:**   December 7, 2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Stephen Chang, and defendant Carlos Jimenez ("defendant"), both individually and by and through his counsel of record, Chad Pennington and Ayah Sarsour, hereby stipulate as follows:

1.    The Indictment in this case was filed on November 18, 2025. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on October 31, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 27, 2026.

2. The Court has previously continued the trial to June 22, 2026. This is the fourth request for a continuance.

3. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 111(a)(1), (b): Assault on Federal Officer Using a Deadly or Dangerous Weapon.

   b. Defendant and the government have entered into a written pretrial diversion agreement. Under the agreement, the parties agree that the prosecution of defendant shall be deferred until October 31, 2026. Under the terms of the diversion agreement, the government may move to dismiss the matter with prejudice after October 31, 2026.

   c. Based on the foregoing, and as authorized by 18 U.S.C. § 3162(h)(2), the government and defendant request a continuance "pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct."

   d. Counsel for defendant further represents that if the government does not move to dismiss the Indictment against defendant, additional time following the diversionary period will be necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the

2

Docusign Envelope ID: CB0425E2-61EA-85C8-830F-E2C77E6503B7

discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

e.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

g.  The government does not object to the continuance.

h.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

i.  The parties agree that this period of delay during which prosecution is deferred is pursuant to a written agreement between the defendant and the government, with the approval of the Court, for the "purpose of allowing defendant to demonstrate his good conduct" pursuant to 18 U.S.C. § 3161(h)(2).

4.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date of a corresponding order to December 7, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(2), (h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the delay is one in which the "the prosecution is deferred by the attorney for the Government pursuant to a written

Docusign Envelope ID: CB0425E2-61FA-85C8-830F-E2C77E6503B7

agreement with the defendant, with the approval of the Court, for the purpose of allowing the defendant to demonstrate his good conduct," (ii) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (iii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Docusign Envelope ID: CB0425E2-61FA-85C8-830F-E2C77E6503B7

Dated: May 6, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States
Attorney and Chief, Criminal
Division


_____/s/_____
STEPHEN CHANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Docusign Envelope ID: CB0425E2-61FA-85C8-830F-E2C77E6503B7

I am CARLOS JIMENEZ's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 7, 2026 is an informed and voluntary one.

Signed by:

*Ayah Sarsour*
DD6C9FF524CA4E1...

5/6/2026

AYAH SARSOUR / CHAD PENNINGTON      Date
Attorney for Defendant
CARLOS JIMENEZ

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 7, 2026. I understand that I will be ordered to appear in Courtroom 3 of the George E. Brown, Jr. Federal Building and United States Courthouse in Riverside, California on December 7, 2026 at 8:30 AM for trial and on November 19, 2026 at 11:00 AM for the pretrial conference.

Signed by:

C09A458DA4694EF...

5/6/2026

CARLOS JIMENEZ                      Date
Defendant